**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**ROSA AMALIA DIANA DIAZ**

  Plaintiff,

      v.

**PAVIA HEALTH, INC.
D/B/A HOSPITAL PAVIA
INSURANCE COMPANY "A"**

  Defendants.

**CIVIL NO. 04-1172 (SEC)**

## REPORT AND RECOMMENDATION

This is an action for compensatory and punitive damages brought by the plaintiff, Rosa Amalia Diana-Diaz ("Diana-Diaz") against her alleged former employer, Pavia Health, Inc. ("Pavia-Health") pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. sec. 621 et seq. ("ADEA")[1], the anti-discrimination statute of the Commonwealth of Puerto Rico known as Law number 100 of June 30, 1959, 29 L.P.R.A. sec. 621-634 ("Law 100"), and Article 1802 of the Civil Code of the Commonwealth of Puerto Rico, 31 L.P.R.A. sec. 5141 ("Article 1802"). Diana-Diaz alleges she was dismissed from her job due to her age.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Pavia-Health now moves to dismiss on summary judgment grounds Diana-Diaz ADEA, Law 100 and Article 1802 claims, alleging that it was not plaintiff's employer. (See Docket Nos. 23-24-25).

**I. Factual Background**

Diana-Diaz, born on March 12, 1951, began working at Hospital Pavia, Inc. ("Hospital") on October 7, 1974 as a Registered Nurse in the Emergency Room. Statement of Uncontested Facts, p. 2, paragraphs 6 and 7. (Docket 24). On January 1997, as an additional benefit to its employees,

---

[1] Title 29 of the United States Code, section 623(a)(1) states in relevant part: "It shall be unlawful for any employer...to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age."

**CIVIL NO. 04-1172 (SEC)**                    2

Hospital opened an Employee Clinic ("Clinic"). Statement of Uncontested Facts, p. 3, paragraph 11. (Docket 24). As of January 1997, Diana-Diaz was the Nurse Supervisor at the Hospital's Emergency Room. Statement of Uncontested Facts, p. 2, paragraph 11. (Docket 24). On January 22, 1997, Diana-Diaz sent a letter to the Hospital's Director of Human Resources, Calvin Tua, requesting to be transferred from the Emergency Room to the Clinic. Statement of Uncontested Facts, p. 3, paragraph 12. (Docket 24). She was transferred and appointed Nurse Director and Assistant to the Clinic's Medical Director, Dr. Joaquin Vargas. Statement of Uncontested Facts, p. 3, paragraph 13. (Docket 24).

On June 28, 2002, due to alleged financial losses in 2000 and 2001, the Hospital was forced to close the Clinic permanently. Statement of Uncontested Facts, p. 4, paragraph 15. (Docket 24). Due to the Clinic's permanent closing, all three of its employees were dismissed, and their positions were eliminated. Statement of Uncontested Facts, p. 4, paragraph 18. (Docket 24). None of the Clinic employees were retained by the Hospital. Statement of Uncontested Facts, p. 4, paragraph 20. (Docket 24).

**II. Summary Judgment Standard**

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. 56(e). When deciding a motion for summary judgment, the court must view the record in the light most favorable to the party opposing summary judgment, including all reasonable inferences in the nonmoving party's favor. See id. "If, after canvassing the material presented, the district court finds some genuine factual issue remains in the case, whose resolution one way or the other could affect its outcome, the court must deny the motion." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis added). "The movant's burden is particularly rigorous when the disputed issue involves questions of motive or intent, since in these cases jury judgments about credibility are

**CIVIL NO. 04-1172 (SEC)**                3

typically thought to be of special importance." Lipsett v. Univ. of P.R., 864 F.2d 881, 895 (1st Cir. 1988). In a discriminatory employment action case, a plaintiff, "will rarely, if ever, be able to produce a 'smoking gun' that provides direct, subjective evidence of an employer's animus." Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 928 (1st Cir. 1983). "Rather, a plaintiff must try to convince the fact-finder to draw an inference from a broad array of circumstantial and often conflicting evidence...." Id. Even in these cases, however, the Court will not refuse to grant summary judgment in favor of the defendant if the plaintiff's claim rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Suarez v. Pueblo Intl. Inc., 229 F.3d 49, 53 (1st Cir. 2000) (citing Medina-Munoz v. R.J. Reynolds Tobacco Co.), 896 F.2d 5, 8 (1st Cir. 1990).

### III. Legal Analysis

Pavia-Health sustains the action should be dismissed because the complaint fails to state a claim against defendant upon which relief can be granted. Specifically defendant argues that M. Pavia-Fernandez was plaintiff's actual employer at all times, while the Hospital was managed by Pavia-Health, the named defendant. Statement of Uncontested Material Facts, p. 3. (Docket 24). Claims under the ADEA require "an employment relationship between the plaintiff and the defendant." Deal v. State Farm County Mutual Insurance Co. of Texas, 5 F.3d 117, 118 n. 2 (5th Cir.1993). The complaint alleges that plaintiff was an employee of defendant Pavia-Health. Complaint, p. 3, paragraph 10. Defendant, however, has asserted from the beginning, starting with its answer filed on April 26, 2004, that plaintiff was employed by M. Pavia Fernandez, not Pavia-Health. Answer to Complaint, p. 3, paragraph 10. (Docket 8). Defendant has presented a declaration under penalty of perjury of Calvin Tua, the Hospital's Director of Human Resources, stating that these entities were separate legal corporations organized under the laws of the Commonwealth of Puerto Rico, and that plaintiff was employed by M. Pavia Fernandez, not Pavia-Health. (See Docket 24, exhibit 1). The Court also notes that in her opposition to the defendant's motion for summary judgment, that plaintiff seems to dispute that Pavia-Health was her employer, but provides no competent summary judgment evidence establishing an employment relationship with Pavia-Health.

**CIVIL NO. 04-1172 (SEC)**                4

Opposition to the Defendant's Motion for Summary Judgment, p. 1. (Docket 37). Therefore, due to the lack of evidence establishing that defendant has any obligations or responsibilities toward the plaintiff, her age discrimination claim against Pavia-Health must be dismissed.

**IV. Conclusion**

   **WHEREFORE**, the Court hereby **RECOMMENDS** that Pavia-Health's motion for summary judgment (Docket No. 23) be **GRANTED**.

   Under the provisions of 28 U.S.C. sec. 636 and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objections is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d 22, 30-31 (1ST Cir. 1992).

   **SO RECOMMENDED.**

   In San Juan, Puerto Rico this 28th day of June, 2005.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States Magistrate-Judge