**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
ROSA A. DIANA DIAZ              *
                                *
     Plaintiff                  *
                                *
                                *
v.                              *     Civil No. 04-1172(SEC)
                                *
                                *
PAVIAHEALTH, INC.               *
d/b/a HOSPITAL PAVIA            *
                                *
     Defendant                  *
***********************************
```

**OPINION AND ORDER**

Before the Court is Defendant's ("PavíaHealth") motion for summary judgment **(Docket # 25)**. Plaintiff filed an opposition to said motion **(Docket # 37)** and PavíaHealth replied **(Docket # 38)**. The Court then referred this case to Magistrate-Judge Gustavo A. Gelpí for a Report and Recommendation **(Docket # 39)**. On June 28, 2005 Magistrate Gelpí issued his Report, recommending that PavíaHealth's motion for summary judgment be granted in its entirety and that Plaintiff's claims against PavíaHealth be dismissed with prejudice **(Docket # 41)**. Plaintiff then filed an objection to the Magistrate's Report and Recommendation **(Docket # 42)** and PavíaHealth replied **(Docket # 43)**. After reviewing the Magistrate's findings, the parties' filings and the applicable law, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation, albeit on different grounds. Accordingly, the Court will **GRANT** PavíaHealth's motion for summary judgment as to Plaintiff's claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA").[1]

**Factual Background**

Plaintiff in this case is a fifty-four (54) year-old Registered Nurse who worked at

---

[1] Although PavíaHealth has requested that the Court dismiss Plaintiff's complaint in its entirety, PavíaHealth failed to present arguments for the dismissal of Plaintiff's Fair Labor Standards Act ("FLSA") claim alleged in Plaintiff's complaint (Docket # 1 at ¶ 25). Thus, the Court cannot dismiss said claim *sua sponte*. Accordingly, Plaintiff's FLSA claim remains pending for adjudication.

**Civil No. 04-1172(SEC)**                                                                                                                     2
_____

Pavía Hospital from 1974 until her dismissal in 2002 (Docket # 1 at ¶ 10). Until 1997, Plaintiff worked in the Hospital's Emergency Room as the Nurse Supervisor (Docket # 25 at p. 3). However, in 1997 Plaintiff sought, and was granted, a transfer to work as Nurse Director and Assistant to the Medical Director of a clinic established by the Hospital to treat employees of the Hospital (herein "Employee Clinic") (Docket # 25 at pp. 3-4). On June 25, 2002 the Employee Clinic was permanently closed (Docket # 1 at ¶ 11) and Plaintiff was terminated from employment (Docket # 1 at ¶ 12).

Upon having filed a claim with the Antidiscrimination Unit of the Department of Labor of the Commonwealth of Puerto Rico, Plaintiff received a Right to Sue Letter and proceeded to file the instant action. Plaintiff alleges that her dismissal was a result of PavíaHealth's discriminatory animus and that she suffered discrimination on account of her age. Plaintiff claims relief under the ADEA, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), Puerto Rico Law 100 of June 30, 1959, 29 P.R. Laws Ann. §§ 146-151, and Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141. Upon the conclusion of discovery, Defendant moved for summary disposition of Plaintiff's ADEA claim. Defendant put forth two (2) arguments in support of dismissal: (1) that Plaintiff was at all times an employee of M. Pavía Fernández d/b/a Hospital Pavía, Inc. (herein the "Hospital") and not of PavíaHealth and, since the former is a distinct and separate corporate entity from the latter, Plaintiff does not have an actionable claim against PavíaHealth; and (2) Plaintiff has failed to present any evidence in support of her contention that her termination was motivated by ageist discriminatory animus. Although the Magistrate only considered the first argument in support of his recommendation that PavíaHealth's motion be granted, the Court will review the merits of both arguments raised by PavíaHealth.

**Standard of Review**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72(a) for

**Civil No. 04-1172(SEC)**                                                                                                       3
_____

the District of Puerto Rico, a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado-Pagán, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court

**Civil No. 04-1172(SEC)**                                                                                                                         4
_____

and those claims not preserved by such objection are precluded on appeal").

**Applicable Law and Analysis**

**1. Plaintiff's Employer**

In his Report and Recommendation the Magistrate held that PavíaHealth provided evidence, and Plaintiff failed to contest, that Plaintiff was at all times an employee of the Hospital and not of PavíaHealth (Docket # 41 at p. 3). As such, the Magistrate found that "due to the lack of evidence establishing that defendant has any obligations or responsibilities toward plaintiff, her age discrimination claim against Pavia-Health must be dismissed." (Docket # 41 at p. 4).

Plaintiff has objected to said finding by alleging that the determination of whether Plaintiff is an employee of the Hospital or PavíaHealth is an issue of fact which must be decided by a jury (Docket # 42 at p. 1). Plaintiff further avers that throughout the proceedings in this case PavíaHealth has failed to allege that it was not Plaintiff's employer and that no official document has been presented substantiating the Magistrate's finding that the Hospital was in fact Plaintiff's employer (Docket # 41 at pp. 2-3). PavíaHealth, however, counters by stating that: (1) Plaintiff failed to comply with Local Rule 56(c) and (e) which resulted in the admittance, as uncontested, of PavíaHealth's statements of uncontested facts in Docket # 24 and (2) pursuant to said uncontested facts, namely SUF No. 9, the Magistrate found that "[t]he Hospital was Diana's employer at all times during her tenure in the same."(Docket # 24 at SUF No. 9).

Local Rule 56(b) requires the moving party to file annexed to its motion for summary judgment "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." **Unless the non-moving party controverts this statement, all the material facts set forth therein "shall be deemed to be admitted."** Cosme-Rosado v. Rosado-

**Civil No. 04-1172(SEC)**                                                                                                  5
_____

Figueroa, 360 F.3d 42 (1st Cir. 2004) (emphasis added). This is the so-called "anti-ferret rule." See, e.g., Orbi, S.A. v. Calvesbert & Brown, 20 F. Supp. 2d 289, 291 (D.P.R. 1998). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal." Tavárez v. Champion Prods., Inc., 903 F. Supp. 268, 270 (D.P.R. 1995).

In a recent opinion, the First Circuit reaffirmed the validity of the well-known anti-ferret rule previously codified in Local Rule 311.12. Cosme-Rosado, 360 F.3d 42, 45 (noting that "parties ignore [it] at their peril") (quoting Ruiz-Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citations omitted)). As such, the Court is not required to "ferret through the record" lurking for facts that may favor the parties when those facts were not proffered as required by Local Rule 56(c). Morales v. Orssleff's Eftf, 246 F.3d 32, 33 (1st Cir. 2001).

Although both parties have filed separate statements of material facts, Plaintiff has clearly failed to comply with Local Rule 56(c). Local Rule 56(c) states that:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts**. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted shall support each denial or qualification by a record citation as required by this rule**.

(emphasis added). Even a cursory review of Plaintiff's filing demonstrates that she failed to comply with this Rule. Plaintiff simply filed her own statement of facts, making reference to her own exhibits in the record but without admitting, denying or qualifying the facts set forth by PavíaHealth in its Statement of Uncontested Facts. See Docket # 33. Accordingly, the Court cannot but deem PavíaHealth's Statement of Uncontested Facts admitted as provided by Rule 56(e)("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted.").

However, although the Court agrees with the Magistrate and PavíaHealth in that it

remains uncontested that Plaintiff's employer was at all times the Hospital and not PavíaHealth, we will refrain from dismissing Plaintiff's ADEA claims on said grounds. Let us briefly explain.

In order to impose liability under the ADEA, "there must be an employment relationship between the plaintiff and the defendant." Iverson v. Ingersoll-Rand Co., 125 Fed. Appx. 73, 75 (8th Cir. 2004)(citations and quotations omitted). However, liability may be imposed on a parent corporation if there is evidence that the parent corporation controlled the subsidiary's employment decision, that is the decision to hire or terminate an employee. Id. at 76 (stating that the central question is: "[W]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?")(citations omitted). See also, Sedlacek v. Hach, 752 F.2d 333, 336 (8th Cir. 1985)(upholding the application of the exception of "substantial identity," when a plaintiff claiming relief under Title VII has filed a charge with the EEOC against one corporation and not another and stating that "[a]ggrieved complainants should not be charged with the knowledge of the ofttimes intricate legal corporate relationships between closely held operating units"); EEOC v. Upjohn Corp., 445 F. Supp. 635, 638-39 (N.D.Ga. 1977) (holding that a corporation may be held liable under Title VII for the discriminatory actions of its subsidiary when there is evidence that the two corporations were so closely related in their activities and management as to constitute an "integrated enterprise" and when there is evidence of an "agency relationship" between the two corporations).

Per the case law cited above and the evidence in the record, it is entirely possible that PavíaHealth could be held liable for the discriminatory acts of the Hospital. First, PavíaHealth is the corporation in charge of the management of the Hospital (Docket # 25 at p. 8). Second, even though Plaintiff's letter of dismissal bears the Hospital's emblem, Ms. Raquel Ortega, PavíaHealth's Vice President of Human Resources, was the person who

**Civil No. 04-1172(SEC)**                                                                                              7
_____

communicated to Plaintiff her termination from employment (Docket # 24 SUF Nos. 4 & 21, Ex. 3 & Docket # 29, Ex. 2). In the third place, PavíaHealth has published newspaper advertisements seeking candidates for employment at the Hospital (Docket # 24 SUF No. 22). Accordingly, a reasonable jury could potentially reach the conclusion that PavíaHealth exerts sufficient control over the employment decisions of the Hospital and is so closely intertwined with the Hospital as to be held liable for the Hospital's discriminatory acts against its employees. It follows that drawing all inferences in favor of Plaintiff, as we should at this juncture, PavíaHealth's request for summary judgment on the above-stated ground should be **DENIED**.

### 2. ADEA Claim

The ADEA provides that "it shall be unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). When there is no direct evidence or "smoking gun" demonstrating the employer's discriminatory animus, the well-known McDonnell Douglas doctrine has been applied to cases arising under the ADEA. Giusti-Negrón v. Scotiabank of P.R., 260 F.Supp.2d 403, 407 (D.P.R. 2003). See e.g., Bramble v. Am. Postal Workers Union, Providence Local, 135 F.3d 21, 25 (1st Cir. 1998); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).

In the McDonnell Douglas burden-shifting framework, Plaintiff bears the initial burden of proof to establish a *prima facie* case of unlawful discrimination in the work environment. McDonnell Douglas, 411 U.S. at 802.  The United States Supreme Court in McDonnell Douglas established that plaintiffs may use circumstantial evidence to prove the existence of a discriminatory animus from an employer, provided that a *prima facie* case of discrimination is first established. McDonnell Douglas Corp., 411 U.S. at 802-03; Serrano-Cruz v. DFI P.R., Inc., 109 F.3d 23, 25 (1st Cir. 1997). Once the *prima facie* case is established, the burden shifts to the employer to articulate a legitimate, non-discriminatory

**Civil No. 04-1172(SEC)**                                                                                           8
_____

reason for the adverse employment decision. McDonnell Douglas Corp, 411 U.S. at 802-03; Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991); Serrano-Cruz, 109 F.3d at 25 (Once plaintiff has carried its burden of establishing a *prima facie* case "a presumption of discrimination arises that shifts the onus to the employer to come forward with a legitimate, non discriminatory reason for its actions."). "This entails only a burden of production, not a burden of persuasion; the task of proving discrimination remains the claimant's at all times." Mesnisk, 950 F.2d at 823. Finally, if the employer provides such a legitimate non discriminatory reason for dismissing the employee, the inference of discrimination raised by the *prima facie* case dissolves and "the burden shifts back to the plaintiff to show that the employer's justification is pretextual." Serrano-Cruz, 109 F.3d at 25-26; St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).

The elements of the McDonnell Douglas *prima facie* case require Plaintiff to show that: (1) she was at least forty (40) years of age; (2) met the employer's legitimate job performance expectations; (3) experienced adverse employment action; and (4) was replaced by a person with roughly equivalent job qualifications or, in the context of a reorganization, that "the employer did not treat age neutrally or that younger persons were retained in the same position." McDonnell Douglas Corp, 411 U.S. at 803; Goldman v. First National Bank of Boston, 985 F.2d 1113, 1117 (1st Cir. 1993) (quoting Herbert v. Mohawk Rubber Co., 872 F.2d 1104, 1111 (1st Cir. 1989)).

In the instant case, PavíaHealth has conceded that Plaintiff would be able to meet the first three elements of the *prima facie* case (Docket # 25 at p. 12). However, PavíaHealth contends that Plaintiff does not have any evidence suggesting that PavíaHealth has not treated age neutrally. Instead, PavíaHealth argues that it had no continuing need for Plaintiff's services as the Employee Clinic was permanently closed, Plaintiff's position in the clinic was permanently eliminated, and all of the clinic's employees were dismissed

**Civil No. 04-1172(SEC)**                                                                                                    9
_____

simultaneously (Docket # 25 at pp. 12-13 & Docket # 24 SUF No. 18). On the other hand, Plaintiff argues that several days after her dismissal PavíaHealth posted a newspaper add requesting applicants for positions of Registered Nurse at the Hospital (Docket # 37 at p. 6). In support of this argument, Plaintiff provided copies of two newspaper adds by PavíaHealth seeking applicants for open Registered Nurse positions in the Hospital (Docket # 33 SCF No. 2, Exs. 2 & 3). Without more, we must agree with PavíaHealth in that Plaintiff has failed to present a *prima facie* case of age discrimination. Let us explain.

In the first place, the Court notes that both of the exhibits presented by Plaintiff have been submitted in Spanish in clear violation of Local Rule 10(b) which states that:

> All documents not in the English language which are presented to or filed in this Court, whether as evidence or otherwise, shall be accompanied at the time of presentation or filing by an English translation thereof, unless the Court shall otherwise order.

See also Local Rule 43. Accordingly, the Court cannot and will not consider said exhibits in the adjudication of the presented motion. "It is well settled that federal litigation in Puerto Rico [must] be conducted in English." Cordero-Soto v. Island Finance, Inc., 418 F.3d 114, 118 (1st Cir. 2005) (holding that a district court does not abuse its discretion by refusing to consider Spanish-language exhibits in the adjudication of a motion for summary judgment) (quoting González-De-Blasini v. Family Dept., 377 F.3d 81, 88 (1st Cir. 2004)). However, we take this opportunity to briefly comment on the probative value of said exhibits. Said newspaper adds were published by PavíaHealth and not by the Hospital, Plaintiff's actual employer. Furthermore, the positions for which applicants were being sought were different from Plaintiff's position, that is Nurse Director and Assistant to the Medical Director of the Employee Clinic. It has been established that an employer performing a reorganization or a reduction in force may, but **does not have to**, offer a transfer, relocation to another position, nor offer transfer to a lower paying job to a person affected by a layoff. Varela-Terón v.

**Civil No. 04-1172(SEC)**                                                                                                           10
_____

Banco Santander de P.R., 257 F.Supp.2d 454, 461 (D.P.R. 2003)(citations omitted). Thus, the fact that Plaintiff would have been qualified for other open positions within the Hospital did not oblige the Hospital to accommodate her.

However, even if we were to hold that Plaintiff established a *prima facie* case of age discrimination, which we do not, Plaintiff has utterly failed to rebut PavíaHealth's asserted legitimate and non-discriminatory reason for the adverse employment action. Ruiz v. Posadas de San Juan Assocs., 124 F.3d 243, 248 (1st Cir. 1997) (stating that "the employer need only produce enough competent evidence, *taken as true*, to enable a rational factfinder to conclude that there existed a nondiscriminatory reason for the challenged employment action"). It remains uncontested that the Employee Clinic was permanently closed by the Hospital and that all three of the clinic's employees were terminated and their positions eliminated (Docket # 24 SUF No. 18). Furthermore, at the time of Plaintiff's dismissal, her former position as Nurse Supervisor of the Hospital's Emergency Room had been filled (Docket # 24 SUF No. 19). In addition, Plaintiff testified that she has never been the object of age-based jokes, stories or swear words (Docket # 24 SUF No. 26 Ex. 3). See Giusti-Negrón, 260 F.Supp.2d at 410 (holding that discriminatory comments may be probative of pretext).

Lastly, it is also uncontested that the Hospital incurred in millionaire losses during 2000 and 2001 (Docket # 14 SUF No. 15). Although Plaintiff attempts to controvert said fact with an article by the Caribbean Business ranking PavíaHealth First among the Top Ten Healthcare Companies, we are not persuaded (Docket # 33 SCF No. 6, Ex. 1). As has been previously established, it remains undisputed that, at least for legal and economic purposes, PavíaHealth is a distinct and separate corporation from the Hospital. Also, the fact that a company is considered profitable on one end does not mean that it cannot make adjustments to better meet its financial objectives. If a corporation decides that a certain branch of its business is no longer profitable or a good investment, it is free to take the measures it deems

appropriate to correct the situation. Thus, the ultimate issue in this case is not whether PavíaHealth or the Hospital made a logical and wise business decision in closing the clinic and not transferring Plaintiff to another position within the Hospital. The issue in this case is strictly whether Plaintiff's termination was motivated by ageist animus. Courts are not "super personnel departments, assessing the merits–or even the rationality–of employers' nondiscriminatory business decisions." Feliciano-De-La-Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 8 (1st Cir. 2000) (quoting Mesnick, 950 F.2d at 825). Furthermore, the ADEA "does not stop a company from discharging an employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age." Giusti-Negrón, 260 F.Supp.2d at 408, 410 (quoting Freeman v. Package Mach. Co., 865 F.2d 1331, 1341 (1st Cir. 1988)). See González v. El Día, Inc., 304 F.3d 63, 69 (1st Cir. 2002) (quoting Pollard v. Rea Magnet Wire Co., Inc., 824 F.2d 557, 560 (7th Cir. 1987) (stating that "no matter how mistaken the firm's managers, [the ADEA does] not interfere")). Thus, put simply, the record is completely devoid of any evidence pointing to PavíaHealth's discriminatory animus and PavíaHealth has produced sufficient evidence to sustain the fact that the closing of the Employee Clinic was a legitimate and nondiscriminatory reason for Plaintiff's termination. "It is not enough for a plaintiff merely to impugn the veracity of the employer's justification; he must 'elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real motive: age discrimination.'" Mesnick, 950 F.2d at 824 (internal citations omitted); Ruiz, 124 F3d. at 248 (Plaintiff "must do more than cast doubt on the rationale proffered by the employer, the 'evidence must be of such strength and quality as to permit a reasonable finding that the . . . [termination] *was obviously or manifestly unsupported*.'") (internal citations omitted). Accordingly, PavíaHealth's request for summary judgement as to Plaintiff's ADEA claims is **GRANTED**.

**Civil No. 04-1172(SEC)**                                                                                                                  12
_____

      **Conclusion**

      The Court has reviewed the record *de novo* and has decided to **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation on different grounds. Consequently, PavíaHealth's motion for summary judgment is **GRANTED**. Plaintiff's ADEA claim will be **DISMISSED WITH PREJUDICE**. Plaintiff's FLSA and supplemental law claims under the laws of the Commonwealth of Puerto Rico against PavíaHealth remain pending. The parties are instructed to file their Joint Pretrial Memorandum by **October 11, 2005**. Failure to do so will result in the imposition of sanctions. Partial Judgment shall be entered accordingly.

      **SO ORDERED.**
In San Juan, Puerto Rico, this 20th day of September, 2005.

                                              S/ *Salvador E. Casellas*
                                              SALVADOR E. CASELLAS
                                              U.S. Senior District Judge